[No. 943.    April 25, 1902.]

J. FRANK ALDRICH, Receiver, etc., Appellant, v. EDGAR M. YOUNG, Appellee.

Appeal from the district court of Grant county, before FRANK W. PARKER, Associate Justice.    Appeal dismissed.

OSCAR A. APPEL and R. M. TURNER for appellant.

The time when and circumstances under which an assessment is necessary to be made against the stockholders of a National Bank, under sections 5151 and

5234, Revised Statutes of the United States to enforce their personal liability for the purpose of paying its debts, as also the extent to which that liability may be enforced, are matters that rest solely in the discretion of the comptroller of the currency of the United States.

Kennedy v. Gibson, 8 Wall. 498; Casey v. Galli, 94 U. S. 673; Germania National Bank etc. v. Case, 99 U. S. 628.

And the comptroller having decided these questions in favor of an assessment, and levied it, his action is conclusive and cannot be questioned in any litigation that may ensue to enforce the assessment.

Authorities last above cited.

And this is true of the second and every subsequent assessment.

U. S. v. Knox, 102 U. S. 422.

Relief against an assessment made in contravention of law, can be had only by a proceeding instituted against the comptroller, as by injunction, to restrain enforcement of the assessment.

United States v. Knox, supra.

But even such a proceeding is not maintainable against the receiver.

J. Frank Aldrich, Receiver, v. Campbell, 97 Fed. (C. C. A.) 663.

No defense that is valid or cognizable in a suit to enforce an assessment is contained in an answer which sets forth that the assessment is made for a sum above the ratable share of each stockholder's liability, and that, if enforced, it will have the effect to compel the solvent stockholders to contribute above their ratable liability, to supply a deficiency arising from the failure to collect from insolvent stockholders their ratable share of a previous assessment.

Receiver v. Galli, 94 U. S. 680; J. Frank Aldrich v. Campbell, supra.

PERCY WILSON for appellee.

This cause is not within the jurisdiction of this court because it is not here for a review of any judgment, order or decree which this court is authorized to review upon appeal or writ of error.

> Acts of the Legislative Assembly of New Mexico of 1901, sec. 1, chapter 82, page 159.

An appellate court will upon its own motion dismiss an appeal where it has not jurisdiction, as one from a non-appealable order.

> Ency. Pl. and Pr., page 336 and note at page 339.

The individual liability of stockholders of national banks must be enforced equally and ratably upon all.

> United States v. Knox, 102 U. S. 422; Aldrich v. Campbell, 97 Fed. 663; Lease v. Barschall, 106 Fed. 762.

The comptroller enforces an assessment upon stockholders of an insolvent national bank through the receiver thereof, who is the proper person to bring suits.

> Kennedy v. Gibson, 8 Wallace 498.

And as to the stockholders' right to make a defense in a suit by the receiver, see

> Moss v. Whitzel, 108 Fed. 579.

A motion to strike is not the proper method by which to question the sufficiency of an answer in matters of substance.

> 20 Ency. Pl. and Pr. 988; 6 Ency. Pl. and Pr. 346.

### OPINION OF THE COURT.

McMILLAN, J.—This is an appeal from orders of the district court of the Third judicial district; first, vacating a former order of said court which struck out certain portions of the plaintiff's answer; second, from an order overruling a demurrer by plaintiff to defend-

ant's answer; and third, from an order of said court overruling plaintiff's motion to strike out certain portions of the plaintiff's answer.

These appeals being from interlocutory orders, this court is without jurisdiction to hear or determine such appeals, as decided by this court in the case of Jung v. Myer in an opinion this day handed down involving the identical question presented by the appeal herein.

The appeal should therefore be dismissed, the costs to be paid by the appellant, and it is so ordered.

Mills, C. J., McFie and Baker, JJ., concur.

Parker, J. having tried the case below, did not participate in this decision.